# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>ALPINE LAND & RESERVOIR CO., *et al*.,<br><br>　　Defendants.<br><br>Re: Nevada State Engineer's Ruling No. 5759 | Case No. 3:73-cv-00183-LDG<br>Equity No. D-183-LDG<br>Sub-File No. 3:73-cv-201-LDG<br><br>**ORDER** |

　　The Pyramid Lake Paiute Tribe and the United States petitioned for review of Nevada State Engineer's Ruling No. 5759. While the Court has appreciable reservations regarding the correctness of the Engineer's Ruling No. 5759, significant concerns have arisen whether the Court has subject matter jurisdiction to review the Tribe's and United States' petitions.

　　The Ninth Circuit, in ruling on an appeal of a petition brought by the Tribe pursuant to the *Orr Ditch Decree*, stated: "[w]e therefore hold that the district court has subject matter jurisdiction over the Tribe's appeal from Ruling 5747 insofar as that ruling may adversely affect the Tribe's decreed rights under Claims No. 1 and 2." *United States v. Orr*

*Water Ditch Co.*, 600 F.3d 1152, 1155 (9th Cir. 2010). More critically, in ruling on an appeal of another Tribe petition for review brought before the Court pursuant to the *Alpine Decree* rather than the *Orr Ditch Decree*, the Ninth Circuit held that "subject matter jurisdiction exists over the Tribe's appeal from the State Engineer's Ruling 5823 only insofar as the allocation of Dayton Valley Hydrographic Basin groundwater rights is plausibly alleged to affect adversely the Tribe's decreed water rights under the Orr Ditch Decree." *United States v. Alpine Land & Reservoir Co.*, 385 Fed. Appx. 770 (9th Cir. 2010).

Subsequently, in the Tribe's petition of the Nevada State Engineer's Ruling 5791, Subfile 3:73-cv-202-LDG, the real party in interest has moved to dismiss, arguing that the Tribe cannot plausibly allege an injury to its *Orr Ditch Decree* water rights. The Tribe's allegations of injury in that petition and in the present petition are essentially identical: the ruling, if upheld, would allow applicants "to receive water to which they are not legally entitled, and thereby diminish the waters of the Carson River available to the Newlands Project, and therefore increase the flow of the Truckee River diverted to the Newlands Project and away from the lower Truckee River and Pyramid Lake." The real party in interest in 3:73-cv-202 argues, however, that as the Tribe's Orr Ditch Decree water rights under Claims 1 and 2 are senior to Claim 3, and as the water diverted to the Newlands Project is pursuant to Claim 3, the operation of Claim 3 water rights cannot, as a matter of law, adversely affect the Tribe's Claim 1 and 2 water rights.

As the Tribe's and the United States' petitions in this matter allege essentially the same injury, the motion to dismiss in 3:73-cv-202 raises a significant question whether the Court has subject matter jurisdiction to review either petition. This question of subject matter jurisdiction must be resolved before the Court may consider the merits of the petitions. Accordingly, the Court will require the parties to brief the issue whether subject matter jurisdiction exists to review the petitions filed by the Tribe and the United States.

Therefore, for good cause shown,

1 THE COURT **ORDERS** that all parties shall, not later than Friday, April 15, 2011, file briefs in the blind addressing whether subject matter jurisdiction exists over the Pyramid Lake Paiute Tribe's and the United States' petitions for review of Nevada State Engineer's Ruling No. 5759.  All parties may file a response not later than Friday, April 29, 2011.

DATED this __23__ day of March, 2011.

_____
Lloyd D. George
United States District Judge

3